UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NORMAN T. POWELL,
        Petitioner,

vs.

RICK WALKER, *et al.*,
        Respondents.

3:02-cv-00350-HDM-WGC

**ORDER**

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, filed by Norman T. Powell, a Nevada prisoner represented by counsel. Before the Court is respondents' motion to dismiss Grounds One and Seven of the second amended petition. (ECF No. 104).

**I. Procedural History**

On August 27, 1995, pursuant to a jury verdict in the Second Judicial District Court for the State of Nevada, petitioner was convicted of three counts of assault with a deadly weapon, one count of being an ex-felon in possession of a firearm, and one count of discharging a firearm from a motor vehicle. (Exhibit 52).[1] The state district court adjudicated petitioner as a habitual criminal pursuant to NRS 208.010. (Exhibit 55). The judgment of conviction was entered on August 10, 1995. (*Id.*). Petitioner filed a direct appeal. (Exhibit 57). By order filed February 26, 1997, the Nevada Supreme

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 11-14 (Exhibits 1-154), ECF Nos. 41-45 (Exhibits 155-196), and ECF No. 96 (Exhibits 197-209).

1  Court entered an order affirming in part and reversing in part.  (Exhibit 81).  The Nevada Supreme
2  Court reversed two of petitioner's assault convictions and remanded the case to the state district
3  court for resentencing.  (*Id.*).  At the resentencing hearing, on May 16, 1997, petitioner received three
4  concurrent life without the possibility of parole sentences on the convictions of one count of assault
5  with the use of a deadly weapon, one count of being an ex-felon in possession of a firearm, and one
6  count of discharging a firearm from a motor vehicle.  (Exhibit 88).  Upon a timely appeal, the
7  Nevada Supreme Court consolidated petitioner's appeals from the denial of a motion to correct
8  illegal sentence and from his judgment of conviction and remanded those matters back to the district
9  court for appointment of counsel to represent Powell on appeal.  (Exhibit 94).  On return to the
10 Nevada Supreme Court and after briefing by the parties (Exhibits 101, 102, 106), on April 13, 1999,
11 the Nevada Supreme Court denied petitioner's claims but found two errors in the judgment's form:
12 (1) the district court incorrectly stated in the judgment of conviction that petitioner was guilty of the
13 crime of being a habitual criminal, when habitual criminality is a status, not a crime; and (2) the
14 district court incorrectly stated that petitioner was sentenced on the habitual criminal allegation,
15 because habitual criminal adjudication is an enhancement of punishment, not a separate offense for
16 which a separate sentence may be imposed.  (Exhibit 108).  The Nevada Supreme Court remanded
17 the case to the district court to correct the judgment of conviction.  (*Id.*).  A corrected judgment was
18 filed on April 28, 1999, in which petitioner was sentenced to three concurrent sentences of life
19 without the possibility of parole on the convictions of one count of assault with the use of a deadly
20 weapon, one count of being an ex-felon in possession of a firearm, and one count of discharging a
21 firearm from a motor vehicle.  (Exhibit 110).  Petitioner appealed the corrected judgment, and the
22 Nevada Supreme Court dismissed the appeal by order filed August 26, 1999.  (Exhibit 115).
23 Remittitur issued on September 21, 1999.  (Exhibit 117).
24       On May 2, 2000, petitioner filed a *pro per* post-conviction habeas petition in the state district
25 court.  (Exhibit 118).  Following the appointment of counsel and supplemental filings, the district
26 court entered an order denying the post-conviction petition on July 17, 2001.  (Exhibit 133).

1  Petitioner appealed.  (Exhibit 135).  By order filed March 14, 2002, the Nevada Supreme Court
2  dismissed the appeal and remanded to state court because the district court failed to address the legal
3  issues in the petition and made no findings of fact.  (Exhibit 150).  On July 16, 2004, the district
4  court entered its findings of fact, conclusions of law, and judgment denying the post-conviction
5  habeas petition.  (Exhibit 167).
6        Following a notice of appeal and briefing by the parties, the Nevada Supreme Court filed an
7  order on September 21, 2005, affirming the denial of the post-conviction habeas petition.  (Exhibit
8  187).  Petitioner filed a *pro per* petition for en banc reconsideration (Exhibit 188), which was denied
9  on December 28, 2005.  (Exhibit 190).  Remittitur issued on January 25, 2006.  (Exhibit 191).
10        Petitioner dispatched his *pro per* federal habeas petition to this Court on June 25, 2002.
11  (ECF No. 5).  The Office of the Federal Public Defender was appointed to represent petitioner.
12  (ECF No. 4).  Petitioner's counsel filed a motion to stay proceedings and administratively close this
13  action pending resolution of state court matters.  (ECF No. 10).  On December 16, 2002, this Court
14  entered an order dismissing the action without prejudice and administratively closing the case to
15  allow petitioner to exhaust his state court remedies.  (ECF No. 15).  In the order dismissing the case,
16  the Court indicated that this case was subject to being reopened upon a motion by petitioner.  *(Id.)*.
17        Through counsel, petitioner returned to this Court seeking to reopen his case.  (ECF No. 33).
18  By order filed March 7, 2006, this Court granted petitioner's motion to reopen this case and directed
19  the filing of an amended petition.  (ECF No. 35).  Petitioner filed a first amended petition on June
20  16, 2006.  (ECF No. 40).  The first amended petition contained seven grounds for habeas corpus
21  relief.  (*Id.*).
22        Respondents filed a motion to dismiss the petition.  (ECF No. 57).  By order filed August 30,
23  2007, this Court granted in part, and denied in part, the motion to dismiss.  (ECF No. 66).
24  Specifically, the Court ruled that Grounds One and Seven of the first amended petition were
25  unexhausted, and that all remaining grounds were exhausted.  (*Id.*).  Because the Court found the
26  first amended petition to be mixed, containing both exhausted and unexhausted claims, petitioner

1  was given options for handling the unexhausted claims. (*Id.*). Petitioner filed a motion for
2  reconsideration on September 13, 2007. (ECF No. 67). After briefing by the parties, the Court
3  denied the motion for reconsideration on June 2, 2008. (ECF No. 77).

4  Pursuant to the options given to petitioner in the Court's prior order, on July 17, 2008,
5  petitioner filed a motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005),
6  to return to state court to exhaust Grounds One and Seven of the first amended petition. (ECF No.
7  80). On November 12, 2008, this Court granted petitioner's motion for a stay and abeyance while he
8  returned to state court, for the second time, to exhaust state court remedies as to Grounds One and
9  Seven. (ECF No. 89).

10  On January 23, 2009, petitioner filed a habeas petition in state district court containing the
11  same claims presented in Grounds One and Seven of the first amended federal habeas petition.
12  (Exhibit 197). The state district court denied the petition. (Exhibit 200). Petitioner appealed the
13  denial of the petition. (Exhibit 202). The Nevada Supreme Court affirmed the denial of the petition,
14  finding the petition untimely, successive, and an abuse of the writ. (Exhibit 208). Remittitur issued
15  on October 6, 2010. (Exhibit 209).

16  Following his second return to state court to exhaust claims, on November 16, 2010,
17  petitioner moved to reopen the instant federal habeas corpus action. (ECF No. 92). By order filed
18  December 21, 2010, this Court granted petitioner's motion to reopen the case. (ECF No. 94). On
19  January 20, 2011, petitioner filed a second amended petition. (ECF No. 95). Respondents filed the
20  instant motion to dismiss on June 7, 2011. (ECF No. 104). Petitioner filed a response in opposition
21  to the motion on July 29, 2011. (ECF No. 110).[2] Respondents filed a reply brief on August 5, 2011.
22  (ECF No. 111). On August 12, 2011, petitioner filed a motion for leave to file a supplement to the
23  opposition. (ECF No. 113). Respondents filed a notice of non-opposition to petitioner's motion.
24  (ECF No. 114). By order filed August 23, 2011, petitioner's motion to file a supplement to the

---

[2] Petitioner filed a notice of errata on August 12, 2011, correcting an error in footnote 1 on page 4 of the previously-filed opposition. (ECF No. 112).

4

opposition was granted.  (ECF No. 115).  On August 30, 2011, petitioner filed a supplement to the opposition.  (ECF No. 116).  The briefing now completed, the Court now addresses the pending motion to dismiss the second amended petition.

**II. Discussion**

Respondents argue that Ground Seven of the second amended petition is untimely and should be dismissed on that basis.  Respondents further argue that Grounds One and Seven of the second amended petition should be dismissed based on procedural default.

**A. Timeliness of Ground Seven**

In Ground Seven, petitioner asserts that there was insufficient evidence to prove that he committed a felony under NRS 202.287.  Petitioner claims that he is actually innocent of the felony of discharging firearm within or from structure or vehicle, and therefore, the conviction for Count V denied him his Fifth and Fourteenth Amendment rights to due process and a fair trial.  Specifically, petitioner argues "actual innocence" because in 1996 the City of Reno adopted ordinance Sec. 8.18.025, which provides that:  "For purposes of this ordinance, Nevada Revised Statutes and the prohibition on the discharge of firearms within the city limits, all areas within the city limits of the City of Reno are deemed to be populated areas."  (Exhibit 196).  Petitioner contends that the enactment of the 1996 ordinance means that the prior City of Reno ordinance prohibiting the discharge of a firearm in or upon public streets (Sec. 822.060) was not sufficient grounds on which to base his 1994 felony conviction of NRS 202.287 (discharging a firearm from a vehicle).  (ECF No. 95, at pp. 21-22).

Respondents argue that Ground Seven of the second amended petition is untimely and does not relate back to petitioner's original federal petition pursuant to *Mayle v. Felix*, 545 U.S. 644, 657 (2005).  The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

5

|   |   |
|---|---|
| 1 | (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of– |
| 2 | |
| 3 | |
| 4 | (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; |
| 5 | |
| 6 | (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; |
| 7 | |
| 8 | (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or |
| 9 | |
| 10 | |
| 11 | (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |
| 12 | |
| 13 | (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection. |
| 14 | |

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  "[W]hen a petitioner fails to seek a writ of *certiorari* from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  United States Supreme Court Rule 13.1 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for *certiorari.*  Sup. Ct. R. 13.1.  Rule 36(a) of the Nevada Rules of Appellate Procedure states that "[t]he filing of the court's decision or order constitutes entry of judgment."  Where a petitioner

pursues a direct appeal to the state's highest court but declines to pursue a petition for writ of *certiorari* with the United States Supreme Court, the petitioner's conviction becomes final upon the expiration of the time to file a petition for writ of *certiorari*. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for relief under 28 U.S.C. § 2254, with tolling of the time for filing during the pendency of a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2254(d).

In the instant case, the corrected judgment of conviction was entered on April 28, 1999. (Exhibit 110). Petitioner appealed from the corrected judgment of conviction, and his appeal was denied by the Nevada Supreme Court by order filed August 26, 1999. (Exhibit 115). Because petitioner did not file a petition for writ of *certiorari* to the United States Supreme Court, his conviction became final on November 24, 1999, which is ninety days after the Nevada Supreme Court filed its order dismissing the appeal. The AEDPA statute of limitations began to run on November 24, 1999.

On May 2, 2000, when petitioner filed his state habeas petition, 160 days of untolled time for filing a federal petition had elapsed. (Exhibit 118). The AEDPA limitations period was tolled until petitioner's state habeas petition and appeal from the denial of his petition was resolved by the Nevada Supreme Court. *See* 28 U.S.C. § 2244(d)(2). On September 21, 2005, the Nevada Supreme Court entered an order affirming the denial of petitioner's post-conviction state habeas petition. (Exhibit 187). Petitioner filed a *pro per* petition for en banc reconsideration (Exhibit 188), which was denied on December 28, 2005. (Exhibit 190). Remittitur issued on January 25, 2006. (Exhibit 191). The period of tolling under 28 U.S.C. § 2244(d)(2) ended with the Nevada Supreme Court's issuance of remittitur on January 25, 2006. The AEDPA statute of limitations began to run again and expired 205 days later, on August 18, 2006.

Petitioner dispatched his *pro per* federal habeas petition to this Court on June 25, 2002. (ECF No. 5). This Court deems the petitioner's federal petition to be filed on June 25, 2002. *See*

*Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). Petitioner filed a first amended petition on June 16, 2006. (ECF No. 40). The first amended petition was filed before the expiration of the AEDPA statute of limitations. Petitioner's first amended petition contained the same Ground Seven as is contained in the second amended petition. (*Compare*, First Amended Petition, ECF No. 40, at pp. 20-21 *with* Second Amended Petition, ECF No. 95, at pp. 21-22). Thus, Ground Seven of the second amended petition was timely filed. Respondents' motion to dismiss Ground Seven on the basis of untimeliness is denied.

### B. Procedural Default of Grounds One and Seven

#### 1. Procedural Default Principles

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its

decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

### 2. The Issues Raised in Grounds One & Seven of the Second Amended Petition Were Procedural Defaulted in State Court on Independent and Adequate State Grounds

In Ground One, petitioner asserts that his sentence constitutes excessive punishment in violation of the Eighth Amendment. (ECF No. 95, at pp. 11-13). In Ground Seven, petitioner asserts that there was insufficient evidence to prove that he committed a felony under NRS 202.287. Petitioner claims that he is actually innocent of the felony of discharging firearm within or from structure or vehicle, and therefore, the conviction for Count V denied him his Fifth and Fourteenth Amendment rights to due process and a fair trial. (ECF No. 95, at pp. 21-22). Petitioner presented these same two grounds in the state habeas petition filed January 23, 2009, on his second return to state court. (Exhibit 197). By order filed September 10, 2010, the Nevada Supreme Court found that the petition was untimely under Nevada state law, explicitly citing NRS 34.726(1). (Exhibit 208, at p. 1). The Nevada Supreme Court also found that the petition was successive and an abuse of the writ, citing NRS 34.810(1)(b) and NRS 34.810(2). (*Id.*). Further, the Nevada Supreme Court found that petitioner failed to show good cause to excuse his procedural defaults. (*Id.*, at pp. 1-2).

The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in NRS 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, application of the abuse of the writ rule of NRS 34.810(2) is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). In the instant case, this Court finds that the Nevada Supreme Court's

application of the procedural bars of NRS 34.726(1) and NRS 34.810(2) were independent and adequate grounds for the court's dismissal of the petition.  Because Grounds One and Seven of the second amended federal habeas petition assert the same claims made in the procedurally defaulted state court habeas petition, Grounds One and Seven are procedurally barred from federal review and will be dismissed with prejudice unless petitioner can show cause and prejudice to excuse the procedural bar, or that this Court's failure to consider the defaulted claims will result in a fundamental miscarriage of justice.

### 3. Cause and Prejudice/Fundamental Miscarriage of Justice

To overcome a claim that was procedural defaulted in state court, a petitioner must establish either (1) cause for the default and prejudice attributable thereto or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623. Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. at 324.

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488.  For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991).  With respect to the prejudice

10

prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

Petitioner asserts that there is cause and prejudice to excuse the procedural default as to Ground One. Petitioner asserts that the ineffective assistance of appellate counsel constitutes cause and prejudice to excuse the procedural default of Ground One. Petitioner also asserts that this Court's failure to consider Ground Seven will result in a fundamental miscarriage of justice, based on a claim of actual innocence. (ECF No. 110). In their reply, respondents present arguments to the contrary. (ECF No. 111).

The Court has determined that the analysis of cause and prejudice arguments and fundamental miscarriage of justice issues in this case are closely related to the analysis on the merits of the case. Therefore, the Court will defer ruling on cause and prejudice issues, and fundamental miscarriage of justice issues, until the merits are fully briefed. These issues shall be addressed in the answer and reply brief.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 104) Grounds One and Seven of the second amended petition is **DENIED.**

**IT IS FURTHER ORDERED** that respondents **SHALL FILE** an answer to the second amended petition within **twenty (20) days** of the entry of this order. The answer shall substantively address the merits of all grounds of the second amended petition. The answer shall also address cause and prejudice issues, and fundamental miscarriage of justice issues, as applicable to Grounds One and Seven of the second amended petition.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE** a reply to the answer within **twenty (20) days** of being served with the answer. The reply shall respond to the answer and substantively address all grounds of the second amended petition. The reply shall also address cause and prejudice issues, and fundamental miscarriage of justice issues, as applicable to Grounds One and Seven of the second amended petition.

Dated this 9th day of July, 2014.

_____
UNITED STATES DISTRICT JUDGE